Richardson, Ch. J.,
delivered the opinion of the court:
Congress made the following provisions in the sundry civil appropriation act of June 20,187.8, chapter 359 (20 Stat. L., 207):
“ That the sum of one hundred thousand dollars is hereby appropriated to purchase, of the present owners and proprietors, the following property, to wit: Twenty-five thousand *251 bound volumes of tbe Congressional .Globe, forty thousand unbound volumes of Congressional Globe, forty-six thousand metal plates for printing the Congressional Globe, twenty-four thousand composition plates for printing the Congressional Globe, the two-story fireproof brick building situate in.the rear of the Globe building on Pennsylvania avenue, and the copyright for the complete work;
“ Provided, That the Public Printer, the Secretary of the Senate, and the Clerk of the House of Representatives shall examine the said property, and shall certify to the Secretary of the Treasury that it is in good order and in accordance with the schedule submitted, before any' of said money shall be paid :
£ ‘ And provided further, That said property, when purchased by the United States, shall be placed in the custody of the Public Printer, under the direction of the Joint Committee on Public Printing; and that the title-to said property shall be approved by the Attorney-General.”
In pursuance of these provisions and in accordance with the terms and conditions prescribed therein, the bound and unbound copies of the Congressional Globe and the ■ plates for printing the same were purchased and placed in the custody of the Public Printer. At that time they were stored on the premises of the claimant.
The Public Printer, having no room in his control where he could elsewhere store the property, let the same remain where it was with the consent of the claimants, but in his exclusive custody, until it was removed by the defendants.
The claim is for compensation, on an implied assumpsit, for storage room for property acquired under a law of Congress, and then stored on defendants’ premises without any provision for its removal.
The defenses are:
First. That neither the Public Printer nor any other officer has authority to bind the defendants by contract unless authorized by law. As a general proposition that is undoubtedly true, but such authority may be implied as well as expressed by statute.
The act of June 20,1878, above set out, provided for the purchase of the property and directed that when purchased it should be placed in the custody of the Public Printer. This made it his duty to provide for the care and preservation of the property. Having no place under his control for storing it he could do nothing but allow it to remain where it was. *252 Tbis be did, witb tbe consent of tbe claimants, without any express contract as to tbe time tbe property should be there stored or as to tbe compensation to be paid.
Tbe authority of tbe Public Printer to make use of tbe claimants’ jiremises sprung from a necessity created by tbe act of Congress, and in such case tbe law raises an implied assumsit to pay a reasonable compensation.
Second. As to tbe storage of that part of tbe property which remained on tbe claimants’ premises in Washington, tbe attorney for tbe Government relies upon tbe act of 1877, March 3, chapter 106 (1 Supp. Eev. Stat., 2d ed.,p.f37), which is as follows:
“Hereafter no contract shall be made for tbe rent of any building or part of any building, to be used, for tbe purposes of tbe Government in tbe District of Columbia, until an appropriation therefor shall have been made in terms by Congress, and that tbis clause sh’ll be regarded as notice to all contractors or lessors of any such building or any part of building.” (Act of 1877, March 3, ch. 106,19 Stat. L., 363, 370, and 1 Supp. Eev. Stat., p. 289.)
In the Semmes & Barbour Case (26 C. Cls. R., 130) tbis court held witb reference to that act and tbe restrictive provisions of Eevised Statutes, sections 3679 and 3732, that “these.provisions undoubtedly apply to express contracts and prohibit tbe making of such contracts except as therein provided. They have no application to that class of implied contracts which arise from tbe acts of public officers, in tbe performance of their duties, in carrying on tbe business of tbe Government intrusted to them by law in their respective spheres.”
We adhere to tbe doctrine thus laid down, and it is decisive against tbis objection.
Third. Against so much of tbe claim as accrued more than six years before filing tbe petitions in tbis court tbe defendants plead tbe statutes of limitation (Eev. Stat., sec. 1069), and it is a bar to that extent, nothing appearing to take tbe case out of tbe provisions of tbe statute.
Tbe claimants are entitled to recover as follows:
1. For storage room on third floor of the Globe building in Washington from January 26, 1885 (six years before filing the petition No. 17275, January 26, 1891), to March 10, 1888, three years one month and fifteen days, at $30 per month.$1,125.00,
*253 2. Nor storage room in buildings on tbe Rives homestead near Bladensbnrg, Md., from November 5,1885 (six years before filing tbe petition No. 16876, November 5,1891), to March 10,1888, three years eleven months and five days, at $10; per month.. $471.66
1,596.66
For which amount judgment will be entered for claimants.